(No. 42788.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JESSE ZEPEDA, Appellant.

*Opinion filed November 17, 1970.*

SCHAEFER, J., concurring.

GERALD W. GETTY, Public Defender, of Chicago, (SAUL H. BRAUNER, THEODORE A. GOTTFRIED, and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago,

(JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE, ARTHUR L. BELKIND, and THEMIS KARNEZIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant, Jesse Zepeda, who was 16 years old when the crime occurred, was found guilty of murder after a bench trial in the circuit court of Cook County and was committed to the custody of the Illinois Youth Commission. The judgment of conviction was affirmed on appeal to the appellate court, (116 Ill. App. 2d 246), and the cause is now before us by virtue of the allowance of his petition for leave to appeal.

In the appellate court it was contended that a written statement of defendant, wherein he admitted facts rendering him legally accountable for the conduct of a co-defendant, (Ill. Rev. Stat. 1965, ch. 38, par. 5—2,) had been improperly admitted into evidence for two reasons. First, because the dictates of *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, had not been complied with when the statement was obtained by the authorities and, second, because certain provisions of the Juvenile Court Act, (Ill. Rev. Stat. 1965, ch. 37, par. 701—1 *et seq.,*) operated to render it inadmissible. The court found from the evidence that *Miranda* warnings had in fact been given, a holding which is not disputed here, but construed the Act to find that the admission of the statement had been erroneous under the facts and circumstances of the case. However, the opinion of the appellate court then went on to state: "In the instant case the trial court's error in admitting the statement did not involve an infringement of the constitutional rights of the defendant, and we find the error was harmless since independent evidence amply supports the conviction. The defendant elected to testify, perhaps in the hope that he

could convince the trial court that he was a believable person, but in his testimony he made damaging admissions sufficient to justify the trial court's judgment. However, had there been no independent evidence to support the conviction, the case would have been reversed on the basis of the State's violation of section 703—2." 116 Ill. App. 2d at 259.

The attack of defendant in this court is directed at the finding of "harmless error," his theory being that it was the admission of the statement which compelled him to take the stand to testify and to be exposed to the peril of making the "damaging admissions" relied upon by the appellate court, and that as a consequence and under the "poisoned tree" doctrine, his testimony became "tainted" with the "illegality" of the statement. (*Cf. Wong Sun v. United States,* 371 U.S. 471, 488, 9 L. Ed. 2d 441, 83 S. Ct. 407.) The People, however, assert that this contention of defendant need not be reached or decided, for the reason that the appellate court erred when it held that the Juvenile Court Act operated to render the statement inadmissible. Accordingly, it is to the latter issue that our attention must first be directed.

To reach its conclusion that the admission of the statement was erroneous, the appellate court relied principally upon section 3—2(1) of the Act which provides, in substance, that an officer taking a minor into custody without a warrant shall immediately make a reasonable attempt to notify the parents that the minor has been taken into custody and where he is held, and shall also surrender the minor to the nearest juvenile officer. Ill. Rev. Stat. 1965, ch. 37, par. 703—2(1).

In regard to this section, relevant facts gathered from testimony given at the hearing on a motion to suppress the statement reveal that defendant and his co-defendant, Larry Zavala, were taken into custody at about 12:30 P.M. on March 9, 1967. Police officers investigating the crime encountered the two on the street with several youthful com-

panions, and informed them that they were going to be taken to "Area 5, Homicide" for questioning. When a 14-year old brother of Zavala asked if he could go and tell their mother, he was permitted to leave and one of the officers gave him a card which, as we interpret the record, gave the name of the officer and the place to which defendant and Zavala were being taken.

Upon arrival at the police station defendant was questioned for about 30 minutes, during which he made admissions establishing his legal accountability for the crime, and after that an additional 35 minutes was used to reduce his admissions to a signed writing. At about 2:00 P.M., according to the officers but denied by defendant, the latter telephoned his mother. The next hour, it appears, was taken up with the interrogation of Zavala, after which the youths and one of the arresting officers were driven to the office of the State's Attorney by a juvenile officer. The latter had not taken part in the questioning at the police station and just when he had been notified that defendant had been taken into custody, or made his appearance at the police station, is not entirely clear in the record. Read in one context it would appear from the evidence that juvenile authorities were notified as soon as defendant was brought to the station; read in another it is susceptible to an interpretation that notification had not been given until after defendant's statement had been obtained. At the State's Attorney's office defendant gave an assistant a second written, signed statement, (the one admitted into evidence at the trial,) in the presence of the juvenile officer and the police officer. Thereafter, he was taken to the place of detention for juveniles.

Based upon its interpretation of the foregoing evidence, the appellate court found that section 3—2(1) had not been complied with; concluded that defendant's detention by the police had been unlawful; and held that the unlawful detention rendered all statements of defendant inadmissible.

To fortify its reasoning the appellate court placed secondary reliance on that part of section 2—9(1) of the Act which states: "Neither the fact that a minor has been the subject of proceedings under this Act nor any confession, admission or statement made by him to the court or to any officer thereof before his 18th birthday is admissible as evidence against him or his interests in any other court or proceeding * * *." (Ill. Rev. Stat. 1965, ch. 37, par. 702—9(1).) By its comments the court attributed to this section, when read with section 3—2(1), a purpose of immunizing minors from police investigation and interrogation, and a belief that such a purpose would be subverted if statements given to the police while section 3—2(1) was being violated were admitted into evidence.

Bearing in mind that defendant's statements to the police and the assistant State's Attorney were voluntarily given and obtained with due regard for his constitutional rights (*cf. People* v. *Hester,* 39 Ill.2d 489; *In re Orr,* 38 Ill.2d 417), we cannot agree with the decision of the appellate court, even if it be assumed that there was a failure to reasonably comply with section 3—2(1) and that such failure caused defendant to be unlawfully detained. Nothing in section 3—2(1), or in any other provision of the Act, imposes sanctions for a failure to comply and, under the rule long adhered to by this court, unlawful detention will not, of itself, invalidate a confession or statement of an accused. (*People* v. *Musil,* 37 Ill.2d 373; *People* v. *Novak,* 33 Ill.2d 343; *People* v. *Miller,* 33 Ill.2d 439; *People* v. *Kees,* 32 Ill.2d 299; *People* v. *Jackson,* 23 Ill.2d 274.) Accordingly, unless the appellate court was correct in its conclusion that section 2—9(1), when read with section 3—2(1), was designed to immunize minors from police investigation and interrogation, the mere fact of unlawful detention did not render defendant's statement inadmissible.

The portion of section 2—9(1) which directs that state-

ments made to "the court or to any officer thereof" shall not be admissible in another court or proceeding, is a re-enactment of an identical provision in section 1 of the Family Court Act, (Ill. Rev. Stat. 1963, ch. 23, par. 2001,) since superseded by the Juvenile Court Act, and has been before this court on two occasions. In *People v. Hester*, 39 Ill.2d 489, where the confession of a 14-year-old murder defendant was involved, we held that the prohibition of the section did not apply to statements given to "officers of the Chicago Police Department and assistant State's Attorneys, who are charged with the responsibilities of apprehending and prosecuting criminals," (p. 508,) but only to statements made to juvenile officers or their assistants. Similarly, in *People v. Connolly*, 33 Ill.2d 128, also involving a 14-year-old defendant charged with murder, it was said (p. 132) : "That act merely provides that statements made to the family court or its officers may not be used against a juvenile in another court or proceeding. (Ill. Rev. Stat. 1963, ch. 23, par. 2001.) The act does not make juveniles immune from proper police investigation, nor does it render inadmissible voluntary statements to law enforcement officers." Contrary to the view of the appellate court, we do not believe the legislature intended to repudiate these concepts by the enactment of section 3—2(1). Or, to put it another way, we cannot agree that the section was intended to divest the police and the State's Attorney of their duty and responsibility to investigate crimes where juveniles are involved, which is the practical result of the appellate court's decision. Section 3—2(1) itself recognizes that the police may take a minor into custody without a warrant, something they could not constitutionally do unless reasonable cause existed, and it is the purport of section 2—7(3) that criminal proceedings, as distinguished from delinquency proceedings, may be brought against a minor 13 years of age or over on petition of the State's Attorney. (Ill. Rev. Stat. 1965, ch. 37, par. 702—7(3).) It would be inconsistent to say that a

minor is immunized from investigation by other than juvenile authorities and, in our opinion, such a construction would unduly interfere with the effective solution and prosecution of crime in a present day society confronted with the dismal fact that a substantial number of crimes are committed by juveniles.

Nor does proper police investigation of a minor, or the admission of statements or confessions obtained by the police, thwart or subvert the purpose of the Juvenile Court Act in general or of section 2—9(1) in particular. The Act was not intended to erect a shield between minors and criminal prosecution in all cases, but, where possible, to accomplish rehabilitation and the treatment of a juvenile's emotional and family problems through guidance, care and supervision. (See: Ill. Rev. Stat. 1965, ch. 37, par. 701—2.) By section 2—9(1) the legislature sought to promote the *parens patriae* relation between the juvenile court and juveniles by encouraging and providing for the free exchange of information. The same relation does not exist between the police and a juvenile, thus the purpose sought to be accomplished by the section would not be promoted or interfered with by spreading the mantle of its prohibition over information obtained by lawful police investigating practices.

We conclude that defendant's statement was properly admitted into evidence, a conclusion which makes it unnecessary to determine the collateral issue sought to be raised by defendant in this court. Accordingly, and for the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

Mr. Justice Schaefer, concurring:

I think that the appellate court correctly construed the pertinent provisions of the Juvenile Court Act and correctly

distinguished *People* v. *Hester* (1968), 39 Ill.2d 489, and *In re Orr* (1967), 38 Ill.2d 417. I would therefore affirm the judgment of the appellate court for the reasons stated in its opinion. 116 Ill. App. 2d 246.