The People of the State of Illinois, Plaintiff-Appellee, *v.* Edward David Thomas, Defendant-Appellant.

(No. 70-145;

Second District—March 9, 1971.

James L. Donohue, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (J. McFarland, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury having found him guilty of giving a clothing store clerk a fraudulent draft, the defendant appeals a forgery conviction, claiming: that he was denied a fair trial because his request for pretrial discovery was disallowed; that he was identified by the prosecution's chief witness in a manner which denied him due process of law; and, that the court erred in admitting an incriminating statement which was made during a period of unlawful detention.

In a pretrial motion, the defendant requested a list of witnesses to any oral confession, a copy of any written confession, a copy of any statements by witnesses, inspection by the court of the State's Attorney's file to determine whether statements had been given, and a copy of the police report concerning this matter.

At the hearing, it was agreed that the list of witnesses to oral confessions had already been furnished the defendant and that there was no written confession. The court ordered that a copy of the statement of any witness be produced at the time and in the event such witness would testify. The requests for inspection of the State's file and for a copy of the police report, were denied.

On appeal it is contended that the police report contained an oral exculpatory statement made by the defendant to one of the police officers, which statement was later reduced to writing. In this regard, the following transpired:

"Mr. McFarland (State's Attorney): And I called you and advised you as to the exculpatory statement made orally which will be introduced in this matter.

Mr. Donohue (Defense Attorney): That's right, you called me and told me the contents of the oral statement, so there is no contest there.

The Court: All right."

During trial, no objection was made when the oral exculpatory statement of the defendant was testified to by the police officer, nor was any motion made to produce the statement in accordance with the court's previous order.

This Court dealt with the issue of pretrial discovery of police reports in *People v. Hoagland* (1967), 83 Ill.App.2d 231. In that case, the defendant made a pretrial request for witnesses' statements which were in the possession of the State's Attorney or police, for other favorable evidence, and for the records of various police departments. The trial court

issued an order directing the State's Attorney and police to comply. In overruling the trial court, we said (at pp. 235-236):

"\* \* \* However, it is obvious that the order of May 31, 1966, not only involves an astonishing extension of the established rule but a radical departure from it. The defendant has not specified the statements or documents that he is entitled to inspect, but only that he 'believes' statements have been made. He does not seek them for impeachment purposes since the trial has not commenced and no witnesses offered by the State. The trial court does not intend to exercise its function under the rule but states that it renounces that function and will not itself examine the police files. Instead, the order permits the defendant an unrestricted right to rummage through the files of the police and the State to discover what he may. Such a right clearly does not exist under the present law, nor in our opinion, should it be created for the future."

■■ We recognize that Ill. Rev. Stat. 1969, ch. 38, par. 114—13 provides that discovery in criminal cases shall be in accordance with Supreme Court Rules. To date, however, that Court has promulgated no such rules; thus, we continue the policy laid down in *People v. Hoagland, supra,* and hold that there was no error in the trial court's refusal to permit the pretrial discovery of police reports.

We note that the Fourth District of this Court reached the opposite conclusion in the case of *People v. Crawford* (1969), 114 Ill.App.2d 230, (leave to appeal granted by the Supreme Court and reported as *People v. Hollis,* # 42801). There the Court upheld a ten dollar contempt fine levied upon a State's Attorney who refused to comply with a pretrial court order directing him to furnish, among other items, a copy of the police report. The court held, at page 237, that the trial court had "the authority to order discovery and that the authority is inherent and is based upon the affirmative duty to afford the defendant a fair trial." The dissent in *Hollis* is in accordance with our decision. Therein it is stated, at pages 240-241, that the business of the Appellate Court is to review, not to assume the prerogative of the Supreme Court, either to promulgate a far-reaching rule, or to establish a far-reaching policy on pretrial discovery.

In the instant case, at the pretrial hearing on the motion, defense counsel agreed that he had been informed by the State's Attorney of the contents of the oral statement which was to be introduced at the trial, and further stated, "\* \* \* so there is no contest there." Due to defense counsel's statement, the court was not required to rule on this point until it was brought up in the post trial motion, at which time the request for the statements was denied. Under the circumstances of this case, we are

of the opinion that there was no error in the trial court's rulings on the pretrial motion for discovery.

■■ As to the contention of improper identification, defense counsel neither made a pretrial motion to suppress the identification nor objected when defendant was identified by the storekeeper, hence, he cannot properly make a due process objection in this appeal. (*People v. Busch et al.* (1971), 131 Ill.App.2d 430 (First District, #'s 54290 and 54391; *People v. Davis* (1970), 126 Ill.App.2d 114.) *People v. Trefonas* (1956), 9 Ill.2d 92, considered the issue of a waiver of a constitutional right. There the defendant argued that certain hearsay evidence should not have been admitted. At page 98, the court said:

"* * * The general rule is that the admission of incompetent evidence must be objected to, if at all, at the time of its admission * * * A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial * * * Objections to evidence may be waived even though based on constitutional grounds for the defendant may by a plea of guilty or a confession waive the production of all evidence of his guilt."

Had defendant properly objected to the identification, we still could not say that the trial court was in error. Defendant relies on *United States v. Wade* (1967), 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926; *Gilbert v. California* (1967), 388 U.S. 263, 18 L.Ed.2d 1178, 87 S.Ct. 1951; and *Stovall v. Denno* (1967), 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967. In *People v. Palmer* (1969), 41 Ill.2d 571, the Illinois Supreme Court interpreted *Wade* and *Gilbert* as only applying to post-indictment confrontations. In the situation at hand, not only had defendant not yet been indicted but he voluntarily agreed to go with the police to be viewed by the storekeeper whom he had allegedly defrauded.

The decision in *Stovall* has been repeatedly interpreted as holding that where the "show-up" is conducted in such a manner as to cause a due process violation, the in-court identification will still be valid if it is reliably predicated upon an observation independent of the challenged in-custody confrontation. *People v. Triplett* (1970), 46 Ill.2d 109, 113-114; *People v. Hudson* (1970), 46 Ill.2d 177; *People v. Watkins* (1970), 46 Ill.2d 273; *People v. Blumenshine* (1969), 42 Ill.2d 508.

In *People v. Palmer, supra,* our Supreme Court held that a "show-up", conducted by the Rockford police in a manner almost identical to that of the case at bar, was not violative of due process. Palmer was taken from the place where he had been arrested, to the hotel where the robbery victim resided. He remained in the police car while the victim, who was standing a few feet from the car, identified him. The victim was a

cab driver and testified that, traffic having been slow, defendant had been in his cab for about eight minutes. The cab driver said he would not pick somebody up at night unless "he looked him over real good." The court held that the pretrial confrontation was not so unnecessarily suggestive or conducive to mistaken identification that the defendant was denied due process of law.

■■ A review of the evidence herein, indicates that there was adequate basis for the in-court identification. Defendant entered the store three times in one day and each time was waited on by the identifying witness. During the first visit, he remained in the store for 20 to 25 minutes and purchased several shirts and a pair of pants. The pants had to be altered, so he returned later in the day. At that time, he stayed for five minutes and, when he found the pants were not ready, said he would return later. Two and one half hours later he returned to pick up the pants; on this occasion, defendant remained in the store for 20 to 25 minutes. He purchased a sport coat and paid for it with the forged draft which was filled out by hand and purported to be a payment on an accident insurance policy.

Finally, the defendant contends that the oral exculpatory statement made by him was inadmissible because it was made during a period of unlawful detention. In support of this contention, he urges the "*McNabb-Mallory* rule," wherein the Supreme Court has held that any statement obtained during a period of unlawful detention is inadmissible. See, *McNabb v. United States* (1943), 318 U.S. 332, 87 L.Ed. 819, 63 S.Ct. 608; *Mallory v. United States* (1957), 354 U.S. 449, 1 L.Ed.2d 479, 77 S.Ct. 1356.

■■ Illinois, however, has not adopted this rule. See, *People v. Harper* (1967), 36 Ill.2d 398, 402, where the defendants were not brought before a judicial officer until after they had been held for twenty-one days. In that case it was stated that delay, *per se,* does not render a confession inadmissible and that the *McNabb-Mallory* rule does not rest upon constitutional grounds. The *Harper* case was reversed and remanded for a new hearing on the motion to suppress because additional other factors were present, (p. 403). Also see, *People v. Mallett* (1970), 45 Ill.2d 388 and *People v. Taylor* (1965), 33 Ill.2d 417; *People v. Zepeda,* 47 Ill.2d 23, 265 N.E.2d 647, 649.

■■ In the case at hand, the length of the period of detention and its possible illegality must be viewed in light of the fact that defendant was orally given the *Miranda* warnings when he got into the police car; that immediately after the storekeeper's identification the defendant was taken to the police station; that at the station he was given a written waiver of rights and told to read it; and that the first statement defendant

made, after he signed the waiver, was the incriminating one. The entire period of time between defendant's being picked up by the police and the time of his statement, was less than one hour. We hold that this series of events does not show the statement to be inadmissible.

The judgment of the trial court is, therefore, affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.