*In re* RONALD BROWN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* RONALD BROWN, Respondent-Appellant.)

First District (2nd Division)   No. 76-20

Opinion filed June 14, 1977.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, John Thomas Moran, and Timothy P. O'Neill, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Arthur R. Allan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Respondent was charged with the crime of aggravated battery in a petition filed in the juvenile division of the circuit court of Cook County. The petition alleged that respondent had been born on April 3, 1959. Respondent appeals from the court's finding that he was a delinquent child having committed the offense of aggravated battery on a date prior to his 17th birthday. On appeal he contends: (1) that the State did not meet its burden of proving that respondent had committed an offense before his 17th birthday; and (2) that respondent was not proven guilty beyond a reasonable doubt.

We reverse.

On December 10, 1974, Anthony Calloway was engaged in a sewing lesson at the Brainerd Field House in Chicago, Illinois, when he suffered a gunshot wound to his thigh. This wound necessitated the amputation of his leg.

Leroy Williams was arrested at 11 p.m. on December 10, 1974, in the home of an acquaintance and charged with the shooting of Anthony Calloway. Williams, however, told the police that respondent was the man who fired the gun at Calloway. Subsequently respondent was arrested at his parents' home at 4 a.m. on December 11, 1974.

After the State requested that respondent's case be transferred to criminal court, a hearing was conducted under the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 et seq.) A probation officer testified that respondent was 15 years old, and the court determined the case was not appropriate for criminal court.

At his pretrial motion to quash the arrest and suppress the evidence, respondent testified that he was 15 years old.

At the adjudicatory hearing the State alleged that respondent had committed a criminal offense prior to his 17th birthday and called two witnesses. Calloway testified that he had been shot on December 10, 1974, and that he had known respondent prior to the shooting. He further related the extent of his injuries but could not identify the person who

fired the gun. Four women present at the time of the shooting were not called to testify.

Leroy Williams, the only identification witness, acknowledged that he had been arrested at 11 p.m. on December 10, 1974, and "charged with the shooting of Anthony Calloway." He claimed that he knew respondent from school and saw him twice on the day of the shooting, once at 4:30 p.m. and once between 5:30 p.m. and 5:45 p.m. At the second encounter Williams testified that respondent was carrying a sawed-off shotgun and claimed he "was going to off a stud." According to Williams he then followed respondent to the field house where he saw respondent joined by another person as the two walked to the field house door. He testified that from where he stood, more than the "length of a courtroom" from the door, he saw the unidentified person open the door. At one time Williams related that he did not see the firing of the gun. At another time he identified respondent as the man who fired the gun. On cross-examination he testified that on an earlier occasion, in the presence of counsel for both sides, he had said that either respondent or the unidentified person with him could have fired the gun. According to Williams, after one of the two fired the gun through the opened door, respondent ran from the building with his companion. Williams had known respondent prior to the shooting but could not identify respondent's companion.

Three alibi witnesses, respondent's girl friend and two of her girl friends, testified that respondent had spent the afternoon and evening in question with them at his girl friend's house.

The court then found respondent to be delinquent, adjudicated him a ward of the court and committed him to the Illinois Department of Corrections. This appeal followed.

Respondent contends that the State failed to prove its case when it did not establish respondent's age at the adjudication hearing. The State makes no claim that it proved respondent had committed the offense alleged in the delinquency petition before his seventeenth birthday. Rather it asserts that no proof of age is required under the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 *et seq.*) We find otherwise.

The State relies primarily upon *In re Williams* (1st Dist. 1974), 24 Ill. App. 3d 593, 321 N.E.2d 281, wherein we found the burden to be on the respondent to prove he was below the minimum age required by section 11—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—1(a)). Section 11—1 of the Criminal Code (the rape statute) as construed by Williams, however, is not applicable to the facts at bar. The statute structure of the Juvenile Court Act with its many sections differs from that of the rape statute with its one section.

When an individual is charged with the crime of rape, the State has the burden of proving beyond a reasonable doubt all the elements of the

crime of rape as set forth in section 11—1 of the Criminal Code. (*People v. Qualls* (1961), 21 Ill. 2d 252, 171 N.E.2d 612.) The burden is then on the defendant to prove he is under the age of 14, and the State neither has to prove nor to allege that fact. *People v. Kutella* (2d Dist. 1971), 132 Ill. App. 2d 248, 269 N.E.2d 111.

■■ Under the Juvenile Court Act the court receives jurisdiction when a boy or girl has been shown to be delinquent. (Ill. Rev. Stat. 1973, ch. 37, par. 702—1.) One of the elements of delinquency is then set forth in section 2—2 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—2) requiring that the minor has committed the offense prior to his 17th birthday. In turn section 4—6 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—6) sets forth the standard of proof and the rules of evidence as being in the nature of criminal proceedings and as being applicable to the aforementioned section 2—2. Also the Juvenile Court Act makes no reference to the fact that age is not required as an element of proof. Were age not required as an element of proof, an individual 17 years of age or older could sit through the proceedings, remain mute and be adjudicated as a juvenile. Such a possibility is inconsistent with the purpose and policy of the Act as set forth in section 1—2.

■■ No evidence was introduced at the adjudicatory hearing to establish that respondent was under 17 at the time of the offense alleged in the delinquency petition. We thus find that the State has failed to meet the requirement of the Juvenile Court Act as to proof of respondent's age. See *State v. Mendenhall* (1969), 21 Ohio App. 2d 135, 255 N.E.2d 307.

■■ Respondent further argues that he was not proven guilty beyond a reasonable doubt. In particular he asserts that the uncorroborated testimony of Leroy Williams failed to establish beyond a reasonable doubt that respondent was the individual who shot Anthony Calloway.

The credible testimony of even one identification witness is sufficient to support a conviction. (*People v. Jones* (1975), 60 Ill. 2d 300, 307, 325 N.E.2d 601.) Furthermore, the trier of fact may base a conviction on uncorroborated accomplice testimony. (*People v. Pittman* (1973), 55 Ill. 2d 39, 57, 302 N.E.2d 7.) Such testimony, however, will be viewed with careful scrutiny to determine whether that testimony has an absolute conviction of truth. *People v. Wilson* (1977), 66 Ill. 2d 346, 362 N.E.2d 291.

In *Wilson* uncorroborated accomplice testimony identified defendant as the man who took the victim's purse in a jury trial. The accomplice admitted that he had initiated the plan by choosing the victim and that he had been given immunity from prosecution for the same offense. In addition, the victim could not identify the person who robbed her. Our supreme court viewed this accomplice testimony with skepticism and caution in finding that defendant was not proven guilty beyond a reasonable doubt.

In the instant case we are faced with a question of credibility. While Leroy Williams, the sole identification witness, is not categorized as an accomplice, he did admit that he had been arrested and "charged with the shooting of Anthony Calloway." On cross-examination he stated that he did not know whether this charge was still pending against him. On redirect examination Williams responded that the case had been dismissed.

Williams testified that he had known respondent at school and met him between 5:30 p.m. and 5:45 p.m. on the day of the shooting. According to Williams, respondent was wearing a blue-green jacket with a red scarf wrapped around his head and was carrying a sawed-off shotgun. After respondent told Williams that he "was going to off a stud," Williams followed him toward the field house. Williams then claims to have witnessed the shooting from a distance measured as more than the "length of a courtroom." Williams, however, gave no indication that he sought help or came to the assistance of the victim. He categorized himself as an idle bystander who happened to be arrested at the home of Michael Young, an acquaintance.

Anthony Calloway, the victim, who had known respondent prior to the shooting, was unable to identify the individual who fired the gun. Moreover, the four women present at the scene of the crime did not testify, nor was their absence explained. The identification testimony was uncorroborated—even as to the clothing. Neither the shotgun nor the clothing were ever found. In addition, Williams himself vacillated on his testimony, at one moment saying he could not see who fired the gun, at another time identifying respondent as the gunman. Williams never identified respondent's companion at the shooting. We are thus presented with uncorroborated identification testimony by a witness whose testimony is suspect because he himself was charged with the crime and the case against him later dismissed.

Having carefully scrutinized Williams' testimony, we find this uncorroborated identification testimony insufficient to prove respondent guilty beyond a reasonable doubt. Accordingly, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

DOWNING, P. J., and STAMOS, J., concur.