*In re* IRISH D. GREENE, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* IRISH D. GREENE, a Minor, Respondent-Appellant.)

First District (3rd Division)   No. 76-102

Rule 23 order filed January 11, 1978.—Opinion filed on denial of rehearing April 26, 1978.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Renee G. Goldfarb, and Jerome A. Saxon, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

Pursuant to a petition for adjudication of wardship, Irish D. Greene, respondent, was found to be delinquent in that he committed the offense of voluntary manslaughter prior to attaining his 17th birthday. (Ill. Rev. Stat. 1973, ch. 37, par. 702—2; ch. 38, par. 9—2(a)(1).) Following a dispositional hearing, the respondent was placed on probation for a period of one year.

Two issues were raised by the respondent in the prosecution of this appeal: (1) whether the Juvenile Court's dispositional order of probation was appropriate where that court failed to make a specific adjudication of wardship and where the facts did not demonstrate that it was in the best interest of the respondent and of the public that the respondent be made a ward of the court, and (2) whether the delinquency of the respondent was proved beyond a reasonable doubt where the evidence failed to indicate that the offense of voluntary manslaughter was committed prior to the respondent's 17th birthday.

At oral argument on this cause, counsel for the respondent abandoned the first issue. No issue was raised concerning proof of the elements of voluntary manslaughter. Our decision, therefore, necessitates only the consideration of the second issue regarding the lack of evidence as to the respondent's age at the time of the offense.

The petition of adjudication of wardship alleged that the respondent was born on February 4, 1958, and that on December 25, 1974, he committed the offense of voluntary manslaughter. On its face, the petition stated all of the elements necessary to permit the cause to be heard in the juvenile division of the Circuit Court of Cook County. The only evidence received by the trial court that dealt with the respondent's age was that he was 17 years old at the time of the hearing on March 24, 1975. This evidence does not establish that the respondent was under the age of 17 years on the date of the offense, December 25, 1974. The State contends that proof of age is not required, or, in the alternative, that the issue was waived in this matter by the respondent's consent to the jurisdiction of the juvenile division of the circuit court.

We are not persuaded by the State's contentions. This court has recently considered the issue presented here, holding that the State has the burden to establish that a minor who is named in a delinquency petition was under the age of 17 at the time of the commission of the offense, and that this burden entails proof of age beyond a reasonable doubt. (*In re Brown* (1977), 49 Ill. App. 3d 580, 364 N.E.2d 657. Accord, *State v. Mendenhall* (1969), 21 Ohio App. 2d 135, 255 N.E.2d 307.) In *Brown* the court said:

"Under the Juvenile Court Act the court receives jurisdiction when a boy or girl has been shown to be delinquent. (Ill. Rev. Stat. 1973, ch. 37, par. 702—1.) One of the elements of delinquency is

then set forth in section 2—2 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—2) requiring that the minor has committed the offense prior to his 17th birthday. In turn section 4—6 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—6) sets forth the standard of proof and the rules of evidence as being in the nature of criminal proceedings and as being applicable to the aforementioned section 2—2. Also the Juvenile Court Act makes no reference to the fact that age is not required as an element of proof. Were age not required as an element of proof, an individual 17 years of age or older could sit through the proceedings, remain mute and be adjudicated as a juvenile. Such a possibility is inconsistent with the purpose and policy of the Act as set forth in section 1—2." 49 Ill. App. 3d 580, 583.

The Illinois Supreme Court granted the State's petition for leave to appeal the *Brown* case. On March 23, 1978, the court filed its opinion affirming the disposition of the appellate court. (*In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209.) However, the affirmance was predicated upon the supreme court's agreement with this court's holding in *Brown*, that the State had also failed to prove the elements of the offense of aggravated battery. In addressing the proof of age issue the supreme court did not re-examine the pronouncement of this court that such proof is required. Instead, the opinion noted that on the trial date the court heard a motion to suppress and at this hearing Brown testified that he was 15 years old. The same judge proceeded with the adjudicatory hearing immediately following the court's denial of the motion to suppress. No evidence of proof of age was presented at the adjudicatory hearing. The supreme court stated:

"Clearly, a court may and should take judicial notice of other proceedings in the same case which is before it and the facts established therein." (71 Ill. 2d 151, 155.)

We infer from the supreme court's treatment of *Brown* that proof of age is required.

Since the record now before us contains only an allegation of age, and no evidence that the respondent was under 17 at the time of the offense, the State has failed to prove the delinquency of Irish D. Greene. Accordingly, the finding of delinquency and the dispositional order of the juvenile division of the Circuit Court of Cook County are reversed, and this matter is remanded with directions that the petition for adjudication of wardship be dismissed pursuant to section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(1).)

Reversed and remanded with directions.

JIGANTI, P. J., and SIMON, J., concur.