*In re* EDWARD EICHER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* EDWARD EICHER, Respondent-Appellant.)

First District (5th Division)    No. 77-396

Opinion filed April 28, 1978.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra Brown, and Wendy Paul Billington, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Respondent, Edward Eicher, was charged with the crime of aggravated battery in a petition filed in the juvenile division of the circuit court of Cook County. He was found delinquent and adjudged a ward of the court, after which an order was entered committing him to the Department of Corrections. On appeal respondent contends that the State did not meet its burden of proving that he had committed the offense before his 17th birthday. We must agree, and therefore reverse the judgment of the trial court.

The facts of the instant occurrence are not relevant to the sole issue before this court. The only facts relevant to this appeal concern respondent's age. The petition for adjudication of wardship alleged that respondent had been born on July 10, 1960. However, no proof as to respondent's age was adduced at the adjudicatory hearing at which respondent was found delinquent. Nor was any proof of age adduced at the preliminary hearing in this matter concerning respondent's motions to quash his arrest and suppress a subsequent identification. At the dispositional hearing the probation officer stated that respondent was 15 years old, after which the court committed respondent to the Department of Corrections.

OPINION

■■ In the recent case of *In re Brown* (1977), 49 Ill. App. 3d 580, 364 N.E.2d 657, *aff'd* (1978), 71 Ill. 2d 151, 374 N.E.2d 209, this court concluded that the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, pars. 701—1 through 708—4) placed the burden on the State to prove the age of a named respondent in a delinquency petition:

> "Under the Juvenile Court Act the court receives jurisdiction when a boy or girl has been shown to be delinquent. (Ill. Rev. Stat. 1973, ch. 37, par. 702—1.) One of the elements of delinquency is then set forth in section 2—2 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—2) requiring that the minor has committed the offense prior to his 17th birthday. In turn section 4—6 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—6) sets forth the standard of proof and the rules of evidence as being in the nature of criminal proceedings and as being applicable to the aforementioned section 2—2. Also the Juvenile Court Act makes no reference to the fact that age is not required as an element of proof. Were age not required as an element of proof, an individual 17 years of age or older could sit through the proceedings, remain mute and be adjudicated as a

juvenile. Such a possibility is inconsistent with the purpose and policy of the Act as set forth in section 1—2. [Ill. Rev. Stat. 1973, ch. 37, par. 701—2.]" (49 Ill. App. 3d 580, 583, 364 N.E.2d 657, 659.)

In affirming *Brown* our supreme court impliedly agreed with this conclusion, although it determined that sufficient proof of age did exist in that case. The court stated:

"The appellate court held that the trial judge could not find Brown delinquent under the Juvenile Court Act because there was insufficient proof to sustain a finding that Brown was under 17 at the time of the offense. We disagree as to the sufficiency of the proof. As noted earlier, on the trial date the court first heard a motion to suppress. In support of this motion Brown testified that he was 15 years old. Immediately following the court's denial of the motion, the same judge proceeded with the adjudicatory hearing."

The supreme court found that the trial court could properly take judicial notice of the facts established at the hearing on the motion to suppress in determining respondent's age at the adjudicatory hearing. Therefore, in view of Brown's testimony at the prior proceeding that he was 15 years old, and in view of the failure to later dispute such age at the adjudicatory hearing, the supreme court held the evidence sufficient to support the trial court's conclusion that Brown was under 17 at the time of the offense. The facts in the instant case differ significantly. In our view, *In re Brown* requires reversal of the case at bar.

In this case there was no proof of age adduced at all either prior to or during the adjudicatory hearing. While the petition alleged that respondent was born on July 10, 1960, this is not proof of age to be considered by the trial court. The petition's allegations merely suffice to allow the court to proceed to an adjudicatory hearing concerning delinquency. (See Ill. Rev. Stat. 1975, ch. 37, pars. 704—1, 704—2.) The allegation concerning age was an element of the petition to be proved, just as the alleged aggravated battery had to be proved. Both constituted elements of delinquency under the Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—2; *In re Brown*) which had to be proved beyond a reasonable doubt. Ill. Rev. Stat. 1975, ch. 37, par. 704—6.

While the probation officer stated respondent's age as 15 at the dispositional hearing, we note that this cannot act to correct the insufficiency of the State's proof at the adjudicatory proceeding. The dispositional hearing occurred *after* the court had found respondent delinquent. Yet an element of delinquency is respondent's age at the time of the offense. (Ill. Rev. Stat. 1975, ch. 37, par. 702—2; *In re Brown*.)

Therefore, absent sufficient proof concerning respondent's age either prior to or during the adjudicatory proceeding, the trial court improperly found respondent to be a delinquent minor.

■■■ Since the State failed in its burden of proving respondent's age, the trial court's finding of delinquency and subsequent dispositional order must both be reversed and respondent ordered discharged. A failure by the State to prove an element of its case beyond a reasonable doubt requires a reversal without remandment. (See *In re Urbasek* (1967), 38 Ill. 2d 535, 232 N.E.2d 716.) Where a judgment is reversed not on technical grounds, but because the State failed to prove its case, a subsequent prosecution is barred. See *People v. McCoy* (1970), 44 Ill. 2d 458, 256 N.E.2d 449; *People v. Woodall* (1974), 21 Ill. App. 3d 807, 315 N.E.2d 683, *aff'd* (1975), 61 Ill. 2d 60, 329 N.E.2d 203; *People v. Brown* (1968), 99 Ill. App. 2d 281, 241 N.E.2d 653.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.