*In re* MARVIN B. FRAZIER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MARVIN B. FRAZIER, Respondent-Appellant.)

First District (1st Division)    No. 77-395

Opinion filed April 24, 1978.—Supplemental opinion filed on denial of rehearing May 31, 1978.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra Brown, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The juvenile division of the circuit court adjudged Marvin B. Frazier (respondent) to be delinquent and committed him to the Department of Corrections. Respondent appeals. He urges here that the trial court lacked jurisdiction over the subject matter of this case in that no evidence of respondent's age was received. Therefore, he argues, the trial court was unable to make the jurisdictional finding that he was under 17 years of age at the time of the alleged act of delinquency. (Ill. Rev. Stat. 1973, ch. 37, pars. 702—1, 702—2.) Respondent also claims as error the failure of the trial court to enter an order adjudicating respondent a ward of the court. Ill. Rev. Stat. 1973, ch. 37, par. 704—8(2).

The petition for adjudication of wardship contained allegations that respondent committed aggravated assault and unlawful use of a weapon. It also alleged that respondent was born on January 2, 1960, which, if true, means that he was approximately 15½ years old in August 1975, when the petition was filed.

At trial, Frazier's attorney entered a general denial of the allegations in the petition. No evidence was ever given by either side with respect to respondent's age.

The Juvenile Court Act grants special statutory jurisdiction to the circuit court to hear juvenile cases (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 et seq.). One essential fact which must be shown in a juvenile proceeding is that the respondent is "delinquent, otherwise in need of supervision, neglected or dependent * * *." (Ill. Rev. Stat. 1973, ch. 37, par. 702—1.) A delinquent minor is defined as "any minor who prior to his 17th birthday has violated or attempted to violate * * * any federal or state law * * *." Ill. Rev. Stat. 1973, ch. 37, par. 702—2.

■■ The record before us contains no evidence from which the court could have determined the respondent's age. Without proof of this essential statutory fact in the record, it does not appear the trial court had statutory authority to enter the order appealed from. *In re Brown* (1977), 49 Ill. App. 3d 580, 583, 364 N.E.2d 657, *affirmed on other grounds* (1978), 71 Ill. 2d 151, 374 N.E.2d 209.

■■ The respondent's second contention, regarding an adjudication of wardship is disposed of by *In re Jennings* (1977), 68 Ill. 2d 125, 368 N.E.2d 864. From the record before us it "becomes readily apparent that the

findings and adjudication in the order of the trial court [as regards an adjudication of wardship] comply * * *" with the requirements of the statute. *Jennings*, 68 Ill. 2d 125, 133.

The cause is remanded with directions that the trial court hear evidence to determine the age of respondent at the time the act occurred upon which the finding of delinquency was predicated. If it be determined that the respondent was over 17 years of age on that date, the trial court is directed forthwith to dismiss the proceedings for lack of statutory authority. If the trial court determines that defendant was under the age of 17 on that date, the trial court shall proceed with implementation of the order of commitment which is the subject of this appeal.

Cause remanded with directions.

McGLOON and O'CONNOR, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Respondent's petition for rehearing cites two opinions by other divisions of this court, passing upon the same issue. Both of these opinions reverse orders of juvenile delinquency because the trial courts failed to make a finding of the respondents' ages. (*In re Greene* (1978), 59 Ill. App. 3d 286, 374 N.E.2d 1322, and *In re Eicher* (1978), 59 Ill. App. 3d 1021, 376 N.E.2d 697.) We have given detailed thought and consideration to these opinions and we are impelled respectfully to differ with them and to reaffirm our original decision.

■■ The petition for rehearing first raises an issue of double jeopardy and urges that remandment of the petition to the trial court would be tantamount to permitting an appeal by the State after an acquittal. We disagree. The petition cites *Breed v. Jones* (1975), 421 U.S. 519, 44 L. Ed. 2d 346, 95 S. Ct. 1779. In our opinion, *Breed* is in no sense comparable to the situation before us. In *Breed*, the respondent was adjudicated a delinquent but was subsequently found unfit for treatment as a juvenile. The Supreme Court held that a subsequent attempt to try him as an adult for the same offense constituted double jeopardy. The court also pointed out that to hold otherwise would mean that the respondent would be subjected to the rigors of a subsequent trial for the same offense. These factors do not exist here. We have not remanded the petition for a completely new trial but have simply sought to protect the rights of the respondent by requiring the trial court to determine his age.

The matter of age was one which respondent should have proved for

his own benefit to avoid prosecution as an adult. All persons concerned with this appeal will undoubtedly agree that respondent as a living person was born upon a specific date and consequently had attained a specific age at the time the offense was committed. Based upon this unimpeachable premise, two, and only two, alternatives exist regarding the age of respondent on the date of the offense.

(1) Respondent was under the age of 17, in which case the order of commitment should be carried out; or

(2) Respondent was 17 years of age or older and should have been tried as an adult. Respondent has benefited from the lenient procedure of the juvenile division based upon the assumption that he was under 17 years old, which assumption he did nothing to dispel. Having been found delinquent, he should not now be permitted total evasion of all legal corrective procedures.

The balance of the petition for rehearing is directed at an alleged lack of due process of law in the remandment. We reject this argument. In our opinion, it is based upon a misconception of the Juvenile Court Act, its objectives and policy. The purpose of the proceeding before us is not to take revenge upon or to punish the minor. We are attempting, with the resources at our command, to "serve the moral, emotional, mental, and physical welfare of the minor and the best interests of the community * * *." (Ill. Rev. Stat. 1975, ch. 37, par. 701—2(1).) To this end, juvenile proceedings are to be "administered in a spirit of humane concern, not only for the rights of the parties, but also for the fears and the limits of understanding of all who appear before the court." (Ill. Rev. Stat. 1975, ch. 37, par. 701—2(2).) For these reasons and in this spirit the courts of Illinois have traditionally attempted to safeguard all rights of the minor. Findings of delinquency are "valid only when the acts of delinquency are proved beyond a reasonable doubt to have been committed by the juvenile charged." *In re Urbasek* (1967), 38 Ill. 2d 535, 540, 232 N.E.2d 716.

■■ ■ However, the courts of Illinois have stopped short of investing juvenile proceedings with all of the technical attributes of a criminal proceeding. The Juvenile Court Act provides that statements in a delinquency petition may be made "upon information and belief" (Ill. Rev. Stat. 1975, ch. 37, par. 704—1(2)), without violating a juvenile's rights. (*In re Jones* (1970), 46 Ill. 2d 506, 510, 263 N.E.2d 863.) Similarly the right to trial by jury does not exist in juvenile delinquency proceedings. (*People ex rel. Carey v. White* (1976), 65 Ill. 2d 193, 197-99, 357 N.E.2d 512.) Nor does Supreme Court Rule 402 pertaining to acceptance of pleas of guilty apply to juvenile proceedings. *In re Beasley* (1977), 66 Ill. 2d 385, 390, 362 N.E.2d 1024.

Thus it is evident that the courts have recognized a line of demarcation

between the usual criminal prosecution and a juvenile delinquency proceeding. (*McKeiver v. Pennsylvania* (1971), 403 U.S. 528, 541, 29 L. Ed. 2d 647, 91 S. Ct. 1976. See also *Beasley*, 66 Ill. 2d 385, 390, and authorities there cited.) Based on this distinction, we reject as inappropriate the cases cited in the petition for rehearing which hold that remandment based on similar factors constitutes double jeopardy in a criminal proceeding. (*United States v. Barker* (8th Cir. 1977), 558 F.2d 899; *Sumpter v. DeGroote* (7th Cir. 1977), 552 F.2d 1206.) Similarly, *People v. Woodall* (1975), 61 Ill. 2d 60, 329 N.E.2d 203, which held that it was improper to order a new trial where the evidence produced was insufficient for conviction, is not applicable to the present case. It also involved a criminal prosecution. Given this difference between criminal and juvenile proceedings, we feel that remandment for the sole purpose of determining the age of the respondent violated no rights of the respondent and was a proper legal remedy in the case before us.

■■ One further thought should be stated. The relation between the juvenile court and a juvenile respondent is that of *parens patriae*. (*People v. Zepeda* (1970), 47 Ill. 2d 23, 29, 265 N.E.2d 647.) "The Juvenile Court Act is a codification of the ancient equitable jurisdiction over infants under the doctrine of *parens patriae*." (*People ex rel. Houghland v. Leonard* (1953), 415 Ill. 135, 138, 112 N.E.2d 697.) In that sense, the respondent here, assuming he is actually a juvenile, should properly be considered a ward of the court before which the proceedings are being conducted. The same relationship should apply between the juvenile and this court. The issues here should not be obscured with a coating of legalistic terms and fictions. It is our duty to attempt to act solely in the best interests of respondent and for his own protection.

Serious charges against the respondent have been substantiated by ample proof beyond reasonable doubt. We need not summarize the evidence which proved respondent guilty of assault while armed with a knife. We need not comment upon respondent's previous contacts with the juvenile branch and with the police. To our minds release of this respondent, without treatment or assistance, by virtue of a fictional issue never raised at trial, is totally unacceptable. In our opinion, a remedy of some kind is required in this situation other than reversing the result reached by the trial court and sending the minor on his way without an attempt to use all resources available to us in an effort to help him. Under all of the facts in this case, an order reversing the commitment would serve only to deprive the respondent of the social and moral tutelage he so obviously needs. We are dealing here with the relationship of this minor to the world about him and unless prompt measures are taken within the limits supplied by law, the result may well be personal disaster to the ward of this court.

Consequently, after long deliberation, we will digress from the path taken by our esteemed colleagues on this court. The petition for rehearing is denied.

McGLOON and O'CONNOR, JJ., concur.