*In re* LINWOOD CAFFEY, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* LINWOOD CAFFEY, Respondent-Appellant.)

First District (2nd Division)    No. 77-549

Opinion filed August 8, 1978.

James J. Doherty, Public Defender, of Chicago (Barry Lewis, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra Brown, and Suzanne Philbrick, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Respondent, Linwood Caffey, was charged with the crime of armed robbery in a petition filed in the juvenile division of the circuit court of Cook County. Respondent was found delinquent and adjudged a ward of the court. After a dispositional hearing, he was committed to the

Department of Corrections. Respondent appeals contending that the State failed to meet its burden of proving that he was under 17 years of age at the time of the offense.

We remand the cause for a hearing to determine the age of respondent at the time of the offense.

A petition for adjudication of wardship was filed on January 2, 1976, alleging that respondent, Linwood Caffey, was born on June 28, 1959, and was delinquent in that he committed the offense of armed robbery on December 17, 1975. In a preliminary hearing held on January 13, 1976, a Mr. Kehoe, who was not under oath, informed the court that respondent was born on January 28, 1959 (which varies from the allegation in the petition), and was still 16 years of age at the time of the alleged offense. Mr. Kehoe also stated that respondent was on unauthorized absence without leave from the Illinois Youth Center.

At the adjudicatory hearing held on January 29, 1976, no evidence was presented as to respondent's age. Evidence was presented concerning the facts of the occurrence, which are not relevant to this appeal. We note only that the evidence was sufficient to prove that respondent committed the offense of armed robbery. At the dispositional hearing, Parole Agent Doss testified that respondent was first committed to the Department of Corrections in 1971, that he was paroled from Hanna City institution in December 1973 and returned in December 1974 as a parole violator for theft. Respondent remained at Hanna City until approximately November 1975, at which time he was on unauthorized absence without leave. The court committed respondent to the Department of Corrections.

Respondent contends that the State failed to prove an essential element of a delinquency charge, namely that respondent was under 17 years of age at the time of the offense, and, therefore, the delinquency finding must be reversed. The State contends that proof of age is not an element of delinquency, and moreover that respondent's age was established. The State further contends that if proof of age is required, the proper remedy is to remand the case for a finding of age. Respondent contends that remanding the case would result in double jeopardy.

Several recent decisions of the Appellate Court, First District, have held that the State has the burden of proving the age of a named respondent in a delinquency petition. (*In re Eicher* (1978), 59 Ill. App. 3d 1021, 377 N.E.2d 49; *In re Frazier* (1978), 60 Ill. App. 3d 119,376 N.E.2d 643; *In re Greene* (1st Dist. 1978), 59 Ill. App. 3d 286, 374 N.E.2d 1322; *In re Brown* (1st Dist. 1977), 49 Ill. App. 3d 580, 364 N.E.2d 657, *aff'd on other grounds* (1978), 71 Ill. 2d 151, 374 N.E.2d 209.) The rationale for these decisions has been either that age is a requirement of the delinquency charge or that age is a statutory requirement giving the court

authority to act. In *In re Dyess* (1978), 62 Ill. App. 3d 571, 378 N.E.2d 1313, however, the court held that an allegation of age in the petition is sufficient and the State is not required to show proof of age unless respondent specifically raises the issue. We interpret the supreme court decision in *In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209, as requiring proof of age by the State. The court in *Brown* impliedly agreed with the appellate court's conclusion that the Juvenile Court Act placed the burden on the State to prove respondent's age when it found there was sufficient proof of age at some stage of proceedings in the case. Thus, we respectfully disagree with the decision in *Dyess* and hold that the State must show that respondent was under 17 years of age at the time of the offense.

In the present case there was an allegation in the petition as to respondent's age, but there was no proof of age at the adjudicatory hearing. At a preliminary proceeding the purpose of which was to set a trial date, Mr. Kehoe, who was not under oath, stated that respondent was under 17 years of age at the time of the alleged offense. It is true that a court may take judicial notice of other proceedings in the same case before it. (*Brown*.) However, in *Brown* respondent testified at a hearing on a motion to suppress that he was 15 years of age at the time of the offense. Here, neither respondent nor any other person testified as to respondent's age at the adjudicatory hearing or at any preliminary hearing, and Mr. Kehoe's unsworn statement to the court does not constitute sufficient proof of age.

■■ The State contends that there was sufficient proof of age adduced at the dispositional hearing. Respondent's parole agent testified that respondent had been a ward of the Department of Corrections since 1971. Thus, the State contends that the court had continuing jurisdiction over respondent. However, the court in *Eicher* held that a probation officer's statement at the dispositional hearing cannot correct the insufficiency of the State's proof at the adjudicatory hearing since the dispositional hearing occurred after the court had found respondent delinquent. Similarly in the present case, the evidence adduced at the dispositional hearing does not constitute sufficient proof of age since the court had previously determined respondent to be delinquent. The present case differs from the recent case decided by this division, *In re Ephriam* (1978), 59 Ill. App. 3d 1021, 377 N.E.2d 49. *In Ephriam* respondent was charged on a supplemental petition with a violation of probation, and the trial court could take judicial notice of the prior delinquency proceeding during which respondent stated he was 14 years of age. Here, respondent was not charged with violation of probation, and the fact that respondent was previously a ward of the Department of Corrections was not

adduced until the dispositional hearing. Thus, we find that the State did not meet its burden of proving at the adjudicatory hearing that respondent was under 17 years of age at the time of the offense.

■■ We find also that where age is not sufficiently proved at the adjudicatory hearing, the proper remedy is to remand the cause for a determination of age. We agree with the court's opinion in *Frazier* that proof of age is a statutory requirement giving the court authority to act. Proceedings may be instituted under the Juvenile Court Act where a boy or girl is delinquent. (Ill. Rev. Stat. 1975, ch. 37, par. 702—1.) A delinquent is any minor who commits an offense prior to his 17th birthday. (Ill. Rev. Stat. 1975, ch. 37, par. 702—2.) Once it is determined that the court has statutory authority to enter an order, the elements of the offense charged must be proved beyond a reasonable doubt as in a criminal proceeding. (Ill. Rev. Stat. 1975, ch. 37, par. 704—6.) We respectfully disagree with language in previous decisions to the effect that age is an element of delinquency which must be proved beyond a reasonable doubt and that where age is not proved, the proper remedy is reversal.[1] The supreme court in *In re Urbasek* (1967), 38 Ill. 2d 535, 540, 232 N.E.2d 716, stated that "a finding of delinquency for misconduct, which would be criminal if charged against an adult, is valid only when the *acts* of delinquency are proved beyond a reasonable doubt to have been committed by the juvenile charged." (Emphasis added.) The court did not state in either *Urbasek* or *Brown* that age was an element of the delinquency charge or that age must be proved beyond a reasonable doubt. The court in *Frazier* noted that "the courts of Illinois have stopped short of investing juvenile proceedings with all of the technical attributes of a criminal proceeding." (60 Ill. App. 3d 119, 122.) Respondent benefited from the lenient procedure of the juvenile division based upon the assumption that he was under 17 years of age, which assumption respondent did nothing to dispel. The court stated further:

> "To our minds release of this respondent, without treatment or assistance, by virtue of a fictional issue never raised at trial, is totally unacceptable. In our opinion, a remedy of some kind is required in this situation other than reversing the result reached by the trial court and sending the minor on his way without an attempt

---

[1] We note that the primary position taken here is contrary to our position in *Brown*. In *Brown* we reversed the trial court on two grounds: insufficient proof of age and insufficient identification testimony to prove respondent guilty beyond a reasonable doubt. The supreme court affirmed the decision on the basis of insufficient identification testimony. The court also held that there was sufficient proof of age. However, in its opinion the court did not hold that age was an element of the delinquency charge or that age needed to be proved beyond a reasonable doubt. Thus, the question of remandment versus reversal was not definitively answered. After reconsideration, we conclude that remandment is consistent with the Juvenile Court Act and is not contrary to any cited authority.

to use all resources available to us in an effort to help him. Under all the facts of this case, an order reversing the commitment would serve only to deprive the respondent of the social and moral tutelage he so obviously needs." 60 Ill. App. 3d 119, 123.

Remanding the cause is consistent with the purpose of the Juvenile Court Act, which is to "serve the moral, emotional, mental, and physical welfare of the minor and the best interests of the community; * * *." (Ill. Rev. Stat. 1975, ch. 37, par. 701—2(1).) Here respondent was found guilty of armed robbery, which finding he does not contest, and the record shows that respondent had previous contacts with the police and had another armed robbery charge pending against him. As in *Frazier*, release without treatment would deprive respondent of "the social and moral tutelage" he needs.

■■ Remandment does not constitute double jeopardy and is not tantamount to permitting an appeal by the State after an acquittal because the cause is remanded for the limited purpose of determining respondent's age. (*Frazier.*) Respondent will not be subjected to a subsequent trial for the same offense.

Therefore, we vacate the judgment and remand the cause with directions that the trial court hear evidence to determine the age of respondent at the time of the offense. If it be determined that respondent was over 17 years of age on the date of the offense, the trial court is directed to dismiss the proceedings for lack of statutory authority. If the trial court determines that respondent was under 17 years of age, the court is directed to reinstate the order of commitment which is the subject of this appeal.

Judgment vacated and remanded with directions.

DOWNING and BROWN, JJ., concur.