*In re* WILFREDO SANTANA, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* WILFREDO SANTANA, Respondent-Appellant.)

First District (1st Division)    No. 77-1726

Opinion filed September 11, 1978.

James J. Doherty, Public Defender, of Chicago (Geraldine V. Biggs and Frances G. Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The minor-respondent Wilfredo Santana, was adjudged delinquent based on a petition for an adjudication of wardship charging attempt burglary. (Ill. Rev. Stat. 1975, ch. 38, par. 8—4.) He was committed to the Department of Corrections. On appeal he contends the State did not prove that he was under 17 years of age at the time he committed the delinquent act.

Respondent was arrested by police as he stood on the enclosed back porch of a Chicago home; several windows had been broken including one that would allow entry into the kitchen. Respondent thereafter appeared before Judge Charles Leary to determine when the adjudicatory hearing would be scheduled. Respondent told the court that he was 16 years of age. The cause was continued and Judge Peter Costa presided at the adjudicatory hearing. At that part of the proceedings no proof was adduced as to respondent's age. However, at the dispositional phase of the proceedings, the probation officer, who had compiled a detailed social investigation of respondent, informed the court that respondent was 16 years old.

The question of the necessity of proof of the respondent's age by the State in delinquency matters has resulted in divergent views among the respective divisions in this appellate district. This court has held that proof of the minor's age is an essential statutory fact which permits the trial court to proceed under the Juvenile Court Act. If proof of age is not shown by the record the cause is remanded for such determination. (*In re Frazier* (1978), 60 Ill. App. 3d 119, 376 N.E.2d 643.) The second division of this court has recently adopted the approach set forth in *Frazier* and in so doing has apparently overruled its prior decision of *In re Brown* (1977), 49 Ill. App. 3d 580, 364 N.E.2d 657, *aff'd on other grounds,* 71 Ill. 2d 151, 374 N.E.2d 209, which held that proof of respondent's age was an essential element to show delinquency and where proof was lacking the judgment of delinquency would be reversed. (*In re Caffey* (1978), 63 Ill. App. 3d 214, 379 N.E.2d 884.) The third and fifth divisions adopted a view commensurate with the appellate court's decision in *Brown*. (*In re Greene* (1978), 59 Ill. App. 3d 286, 374 N.E.2d 1322 and *In re Eicher* (1978), 59 Ill. App. 3d 1021, 376 N.E.2d 697.) The fourth division has determined that unless the respondent expressly raises the issue of his age, the State is not required to adduce proof thereon and the matter is waived. *In re Dyess* (1978), 62 Ill. App. 3d 571, 378 N.E.2d 1313; *In re Young* (1978), 63 Ill. App. 3d 897, 380 N.E.2d 907.

■■■ After consideration of these opinions we adhere to our decision in *Frazier*. But in so doing we find it unnecessary to remand the matter to conduct an evidentiary hearing concerning respondent's age at the time he committed the delinquent act. In this case respondent's admission to Judge Leary that he was 16 years of age is adverse to his contention on appeal and was sufficient to fulfill the requirements set forth in *Frazier*. (See generally 18 Ill. L. & Prac. *Evidence* §131 (1956).) To remand for further consideration of the matter under such circumstances would be a needless act.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.