(No. 41877.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ORVILLE McCoy, Appellant.

*Opinion filed January 28, 1970.*

Underwood, C. J., dissenting.

Hagin Harper, of Champaign, for appellant.

William J. Scott, Attorney General, of Springfield, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Crebs delivered the opinion of the court:
Defendant was convicted of involuntary manslaughter in a bench trial by the circuit court of Piatt County. The Appellate Court, Fourth District, affirmed the conviction (101 Ill. App. 2d 69) and we granted leave to appeal.

The circumstances of the trial are, to say the least, unusual. The State's Attorney prosecuting the case was the only witness for the State. He testified that he attended an inquest at which he heard testimony about an automobile accident in which the defendant was involved and which resulted in the death of a woman. The State's Attorney gave the names of the witnesses at the inquest, related their testimony, and said that their testimony was not based on hearsay. He also stated that he had made some independent investigation of the accident. Defendant's counsel made no objection to the State's Attorney's testimony. As soon as the State's Attorney left the stand both sides rested. Oral argument was waived. The court found the defendant guilty of involuntary manslaughter. Defendant moved for probation.

At the probation hearing neither side presented evidence.

Both sides argued for probation. The probation officer's report was filed that morning with a recommendation for probation "with the special condition that he serve short sentence in a penal institution." The court instead felt that it should "impose as a condition of this probation a very decisive jail sentence or a state farm sentence." The court admitted the defendant to probation provided that a term of one year be served at the Illinois State Farm at Vandalia.

The defendant appeals on the ground that the only evidence heard by the court was hearsay evidence and that such evidence was insufficient to prove him guilty beyond all reasonable doubt. Without passing on the question of whether or not uncontradicted hearsay evidence standing alone could ever be sufficient in a felony case, we find this evidence insufficient.

It was improper for the State's Attorney to appear as a witness under the circumstances of this case. Also, there is no showing that any of the witnesses who testified at the coroner's inquest were cross-examined or their testimony checked in any way. Thus, the State's Attorney's testimony is subject to the inherent vice of hearsay, *i.e.,* the hearsay statements might be true without the related facts being correct.

For these reasons we must reverse. Since the trial placed defendant in jeopardy and the error is the failure of the evidence to support the charge, there is no basis to order a new trial.

*Judgment reversed.*

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

In my opinion this court's judgment is neither legally sound nor realistically defensible.

The defendant presents only two questions: Whether a conviction based solely on hearsay evidence may stand, and whether the sentence of 1 year's imprisonment imposed as a condition of probation was justified.

A somewhat more detailed factual statement than that contained in the majority opinion is necessary to clearly understand the trial proceedings. On May 11, 1967, the involuntary manslaughter charge against defendant came on for hearing. A jury was waived, the court inquired whether both sides were ready to proceed, and defense counsel then stated:

"I might say to the Court, off the record * * *". The off-the-record colloquy does not, of course, appear, but the State's Attorney immediately thereafter stated: "Both sides are ready and I would like to be sworn." He then related his attendance at the inquest into decedent's death; that he heard named witnesses there describe defendant's conduct in driving his southbound car at 10:00 A.M. in the northbound lane of the highway, forcing one witness's car off the highway in order to avoid a head-on collisilon, and then colliding head-on with the northbound car in which decedent was a passenger; that the State's Attorney had made an independent investigation and learned that shortly before the collision defendant had left a Monticello tavern where he drank two shots of whiskey with beer chasers. No objection was made to this testimony and at its conclusion defense counsel stated: "The defense rests, Your Honor." Argument was waived, the trial court found defendant guilty, defense counsel moved to be admitted to probation and a hearing on that motion was set for May 26.

On that date the motion was heard. Neither the State nor defendant offered any evidence. The probation officer's report recommended probation with a short jail sentence. Defense counsel urged defendant be granted probation with no imprisonment. The State's Attorney did not oppose probation with "a short time in jail" if the court so concluded. When the court's comments indicated a belief that more substantial punishment was called for, defense counsel again requested a conference, the content of which is unreported. At its conclusion probation was granted with a year's im-

prisonment at the Illinois State Farm. This appeal followed.

What occurred is perfectly obvious. Defendant would have entered a plea of guilty except that it would have been admissible against him in a later wrongful death action; that this is true is substantiated by the recitation in the appellate court opinion of defense counsel's statements in oral argument as to the wrongful death action and that the trial court proceedings should be viewed as a "tacit" plea of guilty. Defendant was quite willing to have the court informed of the facts by the State's Attorney, made no objection thereto and has never questioned their accuracy. It seems virtually a certainty that defendant, in the first off-the-record conference, specifically agreed to that method of placing the facts before the court.

It is in the context of the above-related circumstances that this court holds the "hearsay" testimony insufficient to establish guilt and discharges an obviously guilty defendant who has yet to question the truth or accuracy of the facts related in the statement which this court refuses to accept.

Of course it is undesirable for counsel to testify as to the merits of the cause in which he is counsel. But it is at least equally undesirable to permit defendant to encourage such conduct in the trial court and attack it on appeal. Unobjected-to hearsay testimony is not without probative value (*Town of Cicero* v. *Industrial Com.*, 404 Ill. 487; Anno. 79 A.L.R. 2d 897, II, § 3) and particularly is that true in the context of the circumstances in which it was here received.

I find no greater merit in defendant's contention that his sentence was excessive. It is neither contended nor remotely suggested that defendant had been in any way misled as to the attitude of the trial judge or the disposition which the court might make of the case. The probation officer's report indicates he used "alcoholic beverages quite freely", he had a prior conviction for reckless driving, and his conduct in this case resulted in the death of another.

I would affirm. I would also again call attention to the undesirability of disposing of crucial questions in "off-the-record" conferences, for, had this record affirmatively demonstrated what there occurred, I suspect there would be no problem.