THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALEXANDER LEWIS WOODALL, Defendant-Appellee.

(No. 73-42; ▮▮▮▮▮▮

Third District—May 20, 1974.

*Rehearing denied September 11, 1974.*

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Edward G. Vogt, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Alexander Lewis Woodall, the defendant, was indicted by a grand jury of Kankakee County for the offenses of burglary and armed robbery. After trial by jury the defendant was found guilty of both offenses.

Thereafter the defendant perfected an appeal to this court which reversed the judgment of conviction of the circuit court of Kankakee County and ordered the case remanded for a new trial. (See *People v. Woodall*, 131 Ill.App.2d 662, 264 N.E.2d 303.) The defendant was again tried before a jury and on October 21, 1971, the jury returned a verdict of guilty as to the offenses of burglary and armed robbery as charged in the indictment.

On October 27, 1971, the defendant in a post-trial motion moved for judgment notwithstanding the verdict and in the alternative for a new trial. After hearing on the motion the trial court denied the motion for judgment notwithstanding the verdict but ordered a new trial. Thereafter on April 3, 1972, the defendant filed a motion to dismiss the indictment on the ground the defendant had been placed in prior jeopardy by his trial on the indictment. The trial court entered an order dismissing the indictment and an appeal by the People is taken from that order.

It is the contention of the People that the trial court exceeded its powers in ordering a dismissal of the indictment and that the trial court's order granting the defendant a new trial did not have the effect of placing him in double jeopardy as the result of having undergone a previous trial in which a judgment guilty verdict was entered and a conviction imposed thereon.

It should be noted that after the defendant's first conviction which was reversed and his case remanded by this court, that among the grounds for such reversal it was stated by this court that "where from the entire record there is a reasonable doubt as to the guilt of accused judgment of conviction should not be permitted to stand." (See *People v. Woodall*, 131 Ill.App.2d 662, 264 N.E.2d 303.) As we have stated, the instant appeal results from conviction of the defendant after a retrial and the People appeal from an order of the trial court striking the indictment. Again it should be noted that the trial judge predicated this action upon his determination that the evidence adduced during trial was insufficient to warrant a conviction.

The pertinent facts relating to the offenses of armed robbery and burglary allegedly committed by the defendant were set forth by this court in *People v. Woodall*, 131 Ill.App.2d 662, 264 N.E.2d 303. In a memorandum filed by the trial court after the defendant had been retried the trial judge noted that in this court's opinion reversing the defendant's first conviction several discrepancies and inconsistencies in the evidence were noted but that this court did not consider the evidence totally insufficient to convict and that therefore there was a remandment with directions for a new trial. In the same memorandum the trial court made the observation that the People's case was stronger in the first

trial than it was in the second. We do not deem it necessary to make an analyzation of the evidence adduced during the second trial, but it is suffice to say that from the record it is clear that the trial court's observation was correct. In regard to identification of the defendant as being the robber or burglar the record is fraught with inconsistencies and discrepancies.

In dismissing the indictment against the defendant on the grounds of double jeopardy the trial court relied upon as authority to do so section 3—4 of our Criminal Code:

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or * * *. Ill. Rev. Stat. 1971, ch. 38, sec. 3—4(a)(1).

For authority to dismiss the indictment against the defendant the trial court relied upon section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, sec. 114—1). This statutory provision sets forth 10 grounds upon which a trial court may dismiss an indictment against a defendant. In the instant case it is apparent that subsection (a)(2) of this statutory provision was relied upon by the trial court when the order was entered dismissing the indictment against the defendant. That subsection provides as follows:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

(1) * * *

(2) The prosecution of the offense is barred by Sections 3—3 through 3—8 of the 'Criminal Code of 1961', approved July 28, 1961, as heretofore and hereafter amended;" Ill. Rev. Stat. 1971, ch. 38, sec. 114—1(a)(2).

The People argue that there is no authority to dismiss an indictment on the grounds that the State failed to prove a defendant guilty beyond reasonable doubt; however, this argument is not applicable in that the indictment against the defendant was dismissed since further prosecution would result in placing him in double jeopardy. We agree with the result achieved by the trial court which was to end prosecution of the defendant based upon a determination that to do otherwise would be to place him in double jeopardy.

In arriving at the conclusion that the trial court properly found that there should be an end to the prosecution of the defendant we rely upon

the rationale set forth in the case of *People v. Brown,* 99 Ill.App.2d 281, 292, 241 N.E.2d 653. In *Brown* the reviewing court tersely presented the issue which is like the one in the instant case and its determination of the same, when it was stated:

"Thus, the issue now presented is whether the state should be allowed a second chance to meet its burden of proof in a case in which (1) it had failed to adduce sufficient evidence to support a conviction at the trial, and (2) no material evidence offered by the State had been erroneously excluded or stricken. We are convinced that the State is not entitled to this kind of opportunity to rehabilitate its case at the expense of the defendant's right to acquittal on the evidence which the State did see fit to present."

While the case of *Brown* was not referred to our State Supreme Court in a case where the evidence was held insufficient to sustain a conviction for involuntary manslaughter reversed the judgment of the trial court and held that since the trial placed defendant in jeopardy and the error is the failure of the evidence to support the charge, there is no basis to order a new trial. (*People v. McCoy,* 44 Ill.2d 458, 256 N.E.2d 449.) See also *People v. Hammond,* 18 Ill.App.3d 693, 310 N.E.2d 485.

We believe that the foregoing cited authority supports the trial court's finding that the defendant if retried would have been placed in double jeopardy. In *Brown* the reviewing court denied the trial court a second chance to rehabilitate its case while in the instant case the People are asking for a third chance and while we do not deem it to be material, there is no argument presented by the State that in a third trial of the defendant the evidence would be new or different from that produced in the preceding trials. To hold otherwise would be violative of the Fifth Amendment that no person "shall be subject for the same offense to be put in jeopardy of life or limb." (U.S. Const., amend. V.) While there may be lacking any specific statutory authority for the trial court to direct a judgment of acquittal it is our opinion that such court does inherently possess such power and that this case could have been resolved in that manner; however the trial court chose a different procedure which effectively ended the prosecution as it should have been.

We note that the People strenuously argue that since the defendant by his own motion obtained an order granting him a new trial he can not thereof complain of double jeopardy after such motion is granted. The People cite several cases in support of this proposition but we do not deem such authority applicable. We agree with the observations contained in the trial court's memorandum that the defendant in the instant case first asked for a judgment notwithstanding the verdict and in the

alternative a new trial and therefore he should not be penalized because he did not limit his motion to his first choice which was a demand for complete relief which a judgment notwithstanding the verdict would have given him if a motion for the same had been granted. It is apparent from the record that the trial court entertained serious doubts as to whether our Criminal Code permitted relief in the form of a judgment notwithstanding the verdict. We likewise fail to find any authority for relief based upon such procedure. It is obvious that the trial court believed that the prosecution of the defendant should be terminated and we agree. The only question is as to what procedure should be followed and as we have previously indicated, we believe that the better practice would be for the trial court to enter a judgment of acquittal.

For the reasons set forth the judgment of the circuit court of Kankakee County dismissing the indictment against the defendant is affirmed.

Affirmed.

ALLOY and DIXON, JJ., concur.