(No. 47062

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ALEXANDER LEWIS WOODALL, Appellee.

*Opinion filed June 2, 1975.*

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Edward G. Vogt, of Kankakee, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, Alexander Lewis Woodall, was convicted of burglary and armed robbery after a jury trial in the circuit court of Kankakee County. Upon appeal the appellate court reversed the convictions and remanded for a new trial. *People v. Woodall,* 131 Ill. App. 2d 662.

The defendant was found guilty upon retrial, and in a post-trial motion he moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. The trial judge denied the motion for judgment notwithstanding the verdict, but he did grant a new trial.

Prior to the setting of the case for trial, the defendant moved to dismiss the indictment, arguing that his prosecution was barred under the provisions of section 3—4(a)(1) of the Criminal Code of 1961 and the double jeopardy provisions of the Constitution of the United States and the Constitution of the State of Illinois.

Section 3—4(a)(1) states:

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction."

The judge, who was the one who had granted the new trial, allowed the motion to dismiss. On the People's appeal the appellate court affirmed the dismissal of the indictment (21 Ill. App. 3d 807), and we granted leave to appeal.

The trial court did not err in dismissing the indictment before what would have been the third trial of the defendant for the same offense upon the same facts.

Section 114—1(a)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a)(2)) authorizes a court to dismiss a charge against an accused when, *inter alia,* prosecution of the offense is

barred by section 3—4(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 3—4(a)(1)). As we have seen, that section provides that prosecution is barred if a former prosecution resulted in a conviction, or acquittal or "in a determination that the evidence was insufficient to warrant a conviction." We judge that here there was clearly a determination by the trial judge that the evidence was insufficient to warrant a conviction.

The appellate court on its review of the first conviction of the defendant (131 Ill. App. 2d 662) observed that there were substantial weaknesses and inconsistencies in the evidence so far as the identification of the defendant was concerned. The appellate court was not asked to make and it did not make a determination that these evidentiary flaws showed an insufficiency of evidence for conviction. The court, after reversing the conviction, remanded the cause for a new trial. The new trial resulted in a verdict of guilty, after which the defendant made a motion for judgment notwithstanding the verdict and, in the alternative, a motion for a new trial.

The only identification witness at the second trial was one of the victims, a deaf mute. Communication with her was possible only through sign language. The trial judge, when hearing the post-trial motions, noted substantial inconsistencies in her testimony. He took note of, for example, the fact that prior to identifying the defendant she had made positive photographic identifications of two other persons as having been the robber in question. Also, the judge observed that the witness testified that she had told the police on the day of the crime that she had recognized the robbers, but the statement she gave to the police and the testimony of the police officer concerned failed to reflect she had then told the police of recognizing the robbers. He pointed out, too, that though the witness testified that three days after the robbery she had realized that one of the robbers, the defendant, was a member of her bowling league, the defendant was not arrested until

25 days after the crime. The court said that it certainly suggested that the witness had not advised the police shortly after the robbery that the defendant was one of the robbers. The court also commented on the fact that the witness at the time of the first trial had testified that there had been two robbers, but at the second trial there was evidence she had told the police there had been three. Also, the witness gave conflicting testimony at the second trial about seeing the defendant in the bowling alley where she worked shortly after the crime. The trial judge said that "the several discrepancies and contradictions above noted add up to a reasonable doubt of the defendant's guilt." He said there have been obvious difficulties in communicating with the witness but stated: "Nevertheless, if the evidence, for whatever reason, is insufficient to remove all reasonable doubt of defendant's guilt his conviction should be set aside." He went on to say he would grant a new trial. It can be seen from comments he made that the judge in denying the defendant's motion for judgment notwithstanding the verdict was influenced by the appellate court's having remanded for a new trial after the first trial in which like identification weaknesses had been found.

When the judge dismissed the indictment he said, using the language of section 3—4(a)(1), that the evidence presented at the second trial "was insufficient to warrant a conviction." He noted that the defendant in his post-trial motions had not made any claim that prosecution was barred under section 3—4(a)(1) or under any constitutional provision against double jeopardy. He said further that had he been aware of such decisions as *People v. McCoy,* 44 Ill.2d 458, and *People v. Brown,* 99 Ill. App. 2d 281, he might well have allowed the defendant's motion for judgment notwithstanding the verdict. We would observe that the statement of the judge that he might have allowed the motion seems restrained when one considers that he also said that the discrepancies and contradictions of the

prosecution's witness had added up to a reasonable doubt of the defendant's guilt.

At the time he dismissed the indictment the trial judge observed, too, that his granting of a new trial after the second conviction "was tantamount to a decision of not guilty." In making this statement the judge clearly had in mind section 3—4(d)(2), which provides in part: "However, a prosecution is not barred within the meaning of this Section 3—4 *** if subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the defendant was thereby adjudged not guilty." (Ill. Rev. Stat. 1971, ch. 38, par. 3—4(d)(2).) The section indirectly states that a prosecution will be barred if the reversal or other invalidations of the conviction includes a judging of the defendant to be not guilty. Thus, the trial judge when stating that his granting of a new trial "was tantamount to a decision of not guilty" was saying that within the meaning of section 3—4(d)(2) he considered the defendant to have been adjudged not guilty. We have already noted that the judge said also that the inconsistencies in the identifying witness' testimony added up to a reasonable doubt of the defendant's guilt.

Thus when the trial judge allowed the defendant's motion to dismiss the indictment there had been a prior determination by him that the evidence was insufficient to warrant the defendant's conviction and that he had regarded his granting a new trial to have been the equivalent of adjudging the defendant to have been not guilty. The requirements of sections 3—4(a)(1) and 3—4(d)(2) of the Criminal Code were satisfied, and the court had authority under section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—1) to dismiss the charge against the defendant.

The trial court, as the appellate court notes, based its authority to dismiss the indictment on sections 114—1 and 3—4 (Ill. Rev. Stat. 1971, ch. 38, pars. 3—4(a)(2), 3—4(d)(2) and 114—1) and did not find it necessary (nor

do we) to discuss the question on constitutional grounds.

It is important to point out that in this case there was not, nor is there now, any contention by the prosecution that any evidence it offered was erroneously denied admission or that evidence received was stricken through error. (Certain evidence was suppressed but the prosecution did not contend the suppression was erroneous.) The trial judge thus could determine that the evidence "was insufficient to warrant a conviction" without concern that there might be a valid contention by the prosecution that evidence was erroneously excluded which would have made the evidence sufficient to convict. See *People v. Brown,* 99 Ill. App. 2d 281; *People v. Reese,* 14 Ill. App. 3d 1049; *People v. Hammond,* 18 Ill. App. 3d 693; see generally Comment, *Double Jeopardy: A New Trial After Appellate Reversal for Insufficient Evidence,* 31 U. Chi. L. Rev. 365 (1964); Cahan, *Granting the State a New Trial After an Appellate Reversal for Insufficient Evidence,* 57 Ill. B.J. 448 (1969).

The only cases cited here by the People are *People v. Woodward,* 394 Ill. 433, and *People v. Benson,* 24 Ill.2d 159. Each decision sets out the general proposition that if a defendant by his own action avoids jeopardy he may not successfully plead double jeopardy if and when he is reprosecuted. This broad proposition, however, is not applicable where a conviction has been reversed on the ground that the evidence was insufficient for conviction and there was no evidence offered by the prosecution which was erroneously denied admission or stricken. *People v. McCoy,* 44 Ill.2d 458; *People v. Brown,* 99 Ill. App. 2d 281.

Too, the dismissal here of the indictment was pursuant to the statutes we have described. The statutes were not involved in either of the cases the People cite.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*