THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHARON TOWNSEND, Defendant-Appellant.

First District (4th Division) No. 82—1805

Opinion filed November 17, 1983.

James J. Doherty, Public Defender, of Chicago (Richard E. Gade, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Jane E. Liechty, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Sharon Townsend, was charged with battery and the case proceeded to trial by jury. On May 5, 1982, after the jury had been impaneled, but prior to presentation of any opening remarks, defendant's motion for a mistrial was granted. On May 6, 1982, defendant's motion to bar the reprosecution of the case was denied. Defendant brings this interlocutory appeal of the trial court's ruling of May 6, 1982. The sole issue on appeal is whether the double jeopardy clause bars reprosecution of defendant where the first trial was terminated on defendant's motion at the point in time indicated.

We affirm.

The facts are undisputed and may be summarized as follows: On May 17, 1981, defendant was charged by complaint with battery. Fol-

lowing a demand for a jury trial, a jury was selected and sworn on May 4, 1982. The following day, the jurors assembled in the jury room prior to the start of trial. One of the jurors arrived after the others. Several uniformed police officers, a plain-clothes officer and two assistant public defenders were standing in the corridor outside the jury room. The juror asked, "Where does the jury go?" In response, one of the uniformed officers asked, "Are you a juror?" The juror answered, "Yes." The officer directed her to the jury room and as she opened the door the officer said, "Remember, guilty." The plain-clothes officer also shouted "guilty" to the juror as she entered the room. Defense counsel apprised the court of the incident. Following a brief discussion, the court indicated that it would not declare a mistrial *sua sponte*, since no prejudice was shown, but would grant one on defendant's motion. Defendant then made a motion which was granted and the jury was discharged.

The cause was rescheduled to proceed the following day, May 6, 1982. On that date, defendant made a motion to bar reprosecution on the ground that double jeopardy had attached. Following argument on the motion, the court found that there was no prosecutorial misconduct or overreaching and defendant's motion for a double jeopardy discharge was denied.

On defendant's motion, the trial court allowed a continuance to afford defendant the opportunity to seek appellate review of the ruling. Defendant contends that it is error for the trial court to allow a second prosecution. She argues that the police officers and the prosecution share a *respondeat superior* relationship and that the officers' comments to the juror were intended to provoke a mistrial. Further, under the ruling of *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 1083, a defendant may invoke the bar of double jeopardy where the conduct giving rise to the mistrial was intended to provoke the defendant into moving for a mistrial.

Defendant stresses the agency theory in arguing that the State must be held accountable for the actions of the police officers which denied her the right to be judged by the first jury sworn to hear the cause. Further, as a result of the action of the State, she lost the right to control the progress of the cause.

Our reading of *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, does not support defendant's contention. In that case, the United States Supreme Court reiterated the constitutional guarantee against repeated prosecutions for the same offense. The double jeopardy clause does not guarantee that the State will vindicate its societal interest in enforcing criminal laws in a single pro-

ceeding. (456 U.S. 667, 672, 72 L. Ed. 2d 416, 422, 102 S. Ct. 2083, 2087.) There are limitations on the defendant's right to invoke the bar against double jeopardy.

■ As a general rule, where it is the defendant who elects to terminate the proceedings, there is no bar to retrial. There is a narrow exception to this rule. In those instances where the actions of the prosecutor are designed to force the defendant into seeking a mistrial, the defendant may successfully invoke the bar against double jeopardy.

The standard enunciated in *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, requires the court to make a finding of whether the prosecutorial conduct complained of was *intended* to subvert the protections afforded by the double jeopardy clause. (456 U.S. 667, 675, 72 L. Ed. 2d 416, 423-24, 102 S. Ct. 2083, 2088-89.) This may be done by drawing inferences from objective facts, a process common to our courts. (456 U.S. 667, 675, 72 L. Ed. 2d 416, 423-24, 102 S. Ct. 2083, 2088-89.) Thus, in order to invoke the bar against retrial, the defendant must prove that the prosecutorial misconduct was *intended* (emphasis added) to cause defendant to seek a mistrial.

In this case, in order for the bar against double jeopardy to be invoked, the conduct of the police officers would have to be imputed to the prosecutor. In a general sense, police officers are officers of the State, as are prosecutors. However, in this case, the police officers responsible for making the remarks to the juror were not involved in the prosecution of defendant's case.

The facts show that the police officers in question happened to be standing outside the jury room when the remarks were made. The prosecutors who were involved in the case were not present and did not learn of the incident until later.

We believe that the reasoning of the court in *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, regarding prosecutorial misconduct which gives rise to a defendant's motion for a mistrial, refers to those who are actually involved in the prosecution of the particular case. The language used in the opinion itself makes frequent and specific reference to "the prosecution" or "the prosecutor." It is clear that standard is not applicable to agents of the State in general. Second, logic suggests that the standard must be limited to those involved in the prosecution of the case in question, since the purpose of the rule is to prevent prosecutors from goading a defendant into seeking a mistrial and then getting a second chance to prosecute.

 In this case, the occurrence which caused defendant to seek a mistrial had nothing to do with those actually involved in prosecuting the case. We believe the facts show that this case does not fall into that narrow category of cases in which prosecutorial misconduct bars retrial. To adopt defendant's argument would be to expand the rule beyond the guidelines enunciated in *Oregon v. Kennedy*.

Accordingly, we hold that the bar against double jeopardy does not apply in this case. Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P.J., and LINN, J., concur.