THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
GARY MARCHBANKS, Defendant-Appellee.

Second District   No. 2—83—0373

Opinion filed July 19, 1984.

Fred L. Foreman, State's Attorney, of Waukegan (Michael J. Fusz, Assistant State's Attorney, and Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Thomas J. Organ, of Cisco & Organ, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from an order dismissing an information which charged defendant, Gary Marchbanks, with the offenses of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) and possession of burglary tools (Ill. Rev. Stat. 1981, ch. 38, par. 19—2(a)).

We consider in this case whether the failure of the State to disclose to defendant that a principal prosecution witness had been suspended from his duties as a police officer constitutes "prosecutorial overreaching" which bars defendant's retrial on double jeopardy grounds.

After trial by jury, defendant was convicted of these offenses and thereafter filed a motion for new trial in which he asserted that he was denied a fair trial as the State did not disclose for his use in trial material evidence favorable to him. The motion stated that Sergeant

Fred Lokse, the only witness who testified in trial that he had observed defendant in the car which had been burglarized, was at the time of trial suspended from his police duties for misconduct, and was, after trial, discharged from the department. The trial court granted a new trial to defendant, finding that he should be given an opportunity to cross-examine the witness for evidence of bias related to the fact of his suspension. See *People v. Mason* (1963), 28 Ill. 2d 396, 192 N.E.2d 835; *People v. Phillips* (1981), 95 Ill. App. 3d 1013, 420 N.E.2d 837, *appeal denied* (1981), 85 Ill. 2d 572.

Prior to retrial, however, defendant moved to dismiss the information charging these offenses, asserting that the State had intentionally and knowingly failed to provide evidence favorable to him, to-wit: the suspension of the only witness testifying to defendant's presence in the car. Defendant urged dismissal of the information on the grounds further prosecution was barred under section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—4). The State responded that although the matter of Sergeant Lokse's suspension was known to it at the time of the first trial, that fact was not considered relevant to the offenses charged or admissible in that trial. The assistant State's Attorney asserted that his office was not motivated by bad faith nor had it sought to deprive defendant of a fair trial.

The trial court found that the fact the witness had been suspended could have been used to impeach his testimony and was thus favorable information which must be disclosed under *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. As the State failed to do so, the court found that the discovery violation precluded retrial under principles of double jeopardy. Defendant's motion was granted, and the State appeals.

The State contends on appeal that the trial court lacked authority to dismiss the pending charges against defendant on double jeopardy grounds for claimed "prosecutorial overreaching." It argues that principle is applicable only when a retrial of a defendant is sought following a mistrial which was occasioned by intentional misconduct by the State to provoke it. Defendant responds that the discovery omission violated his right to due process and the appropriate remedy is to punish the prosecutor by dismissing the information. Defendant does not discuss in his brief the application of section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—4) upon which his motion to dismiss was predicated in the trial court, but essentially relies here upon *People v. Pendleton* (1979), 75 Ill App. 3d 580, 394 N.E.2d 496, and *People v. Woodall* (1974), 21 Ill. App. 3d 807, 315

N.E.2d 683, *aff'd* (1975), 61 Ill. 2d 60, 329 N.E.2d 203, to sustain his argument that the "prosecutorial overreaching" concept of double jeopardy applies in this case.

In addition to an acquittal or conviction in a first trial of an offense, and the other circumstances under which further prosecution for the same offense is barred by section 3—4 of the Criminal Code of 1961, the double jeopardy clauses of the Federal and State constitutions (U.S. Const., Amend. V.; Ill. Const. 1970, art. I, sec. 10) act to bar further prosecution of an offense which has been formerly prosecuted where: a conviction has been reversed on appeal for insufficiency of the evidence (*Burks v. United States* (1978), 437 U.S. 1, 14, 18, 57 L. Ed. 2d 1, 11, 14, 98 S. Ct. 2141, 2148, 2150-51; *People v. Holloway* (1982), 92 Ill. 2d 381, 386-87, 442 N.E.2d 191), and, where there was prosecutorial or judicial misconduct at trial which was intended to and did provoke defendant into requesting a mistrial. (*Oregon v. Kennedy* (1982), 456 U.S. 667, 679, 72 L. Ed. 2d 416, 427, 102 S. Ct. 2083, 2091; *People v. Townsend* (1983), 119 Ill. App. 3d 529, 531, 456 N.E.2d 938.) In the present case, defendant's convictions at his first trial were not reversed on appeal for insufficiency of the evidence nor was he intentionally provoked into requesting a mistrial by conduct of the State or court. Defendant was, instead, granted a new trial, at his request, for failure of the State to disclose information which defendant might have used to affect the credibility of a witness against him.

Defendant has cited no authority for extension of this concept of double jeopardy to the circumstances presented here, nor has our research discovered any. *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496, and *People v. Woodall* (1974), 21 Ill. App. 3d 807, 315 N.E.2d 683, *aff'd* (1975), 61 Ill. 2d 60, 329 N.E.2d 203, upon which he relies, are inapposite and do not offer support to defendant's argument. *People v. Pendleton* was concerned with "prosecutorial overreaching" which caused a mistrial, thus invoking the traditional double jeopardy bar to further prosecution. Leave to appeal was granted by our supreme court in *People v. Woodall* and it found the indictment was properly dismissed prior to the third trial of defendant for the same offense, as his earlier conviction had been reversed for insufficient evidence. *People v. Woodall* (1975), 61 Ill. 2d 60, 61-62, 329 N.E.2d 203.

In *Oregon v. Kennedy* (1982), 456 U.S. 667, 679, 72 L. Ed. 2d 416, 427, 102 S. Ct. 2083, 2091, the court limited application of the "prosecutorial overreaching" bar of double jeopardy where a mistrial was granted to circumstances where conduct by the prosecutor or judge

was *intended* to provoke defendant into requesting a mistrial. In doing so, the court noted that the double jeopardy clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed because of the insufficiency of the evidence. (See *United States v. DiFrancesco* (1980), 449 U.S. 117, 130-31, 66 L. Ed. 2d 328, 341-42, 101 S. Ct. 426, 434.) Illinois reviewing courts have similarly rejected extension of this concept of double jeopardy from circumstances where a mistrial has been declared to those in which a defendant has been granted a new trial because of trial error. See *People v. Dungy* (1984), 122 Ill. App. 3d 314, 461 N.E.2d 485; *People v. Hooker* (1981), 96 Ill. App. 3d 202, 205, 421 N.E.2d 308; *People v. Castiglione* (1979), 75 Ill. App. 3d 469, 471, 473, 394 N.E.2d 607; see also *People v. Reimnitz* (1981), 97 Ill. App. 3d 946, 423 N.E.2d 934, *cert. denied* (1982), 456 U.S. 906, 72 L. Ed. 2d 162, 102 S. Ct. 1751.

Even had a motion by defendant for a mistrial been made and granted in this case for failure to disclose the suspension of the police officer, that would not have provided a basis to bar retrial for "prosecutorial overreaching," The State represented that it failed to make this disclosure believing it was not discoverable information or relevant to the trial of the case. The trial judge accepted that representation and made no findings suggesting intentional misconduct by the State. See *People v. Townsend* (1983), 119 Ill. App. 3d 529, 456 N.E.2d 938; *People v. Gomez* (1980), 84 Ill. App. 3d 785, 406 N.E.2d 886; *People v. Hill* (1975), 34 Ill. App. 3d 193, 339 N.E.2d 405.

We conclude the trial court was without authority to dismiss the information charging these offenses after granting defendant a new trial for trial error.

Accordingly, the judgment of the circuit court dismissing the information will be reversed and the cause remanded for further proceedings.

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.